NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAMUEL DENK, | No. 23-2675 |
| Plaintiff-Appellee, | D.C. No. 2:20-cv-00818-ROS-ASB |
| v. | |
| MATTHEW MILLER, Sgt. #8937, | MEMORANDUM[*] |
| Defendant-Appellant, | |
| and | |
| CITY OF PEORIA, a public entity, ARTHUR MILLER, in his official capacity as Chief of Police for the City of Peoria, UNKNOWN MILLER, named as Jane Doe Miller, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Argued and Submitted September 13, 2024
Phoenix, Arizona

Before: RAWLINSON and COLLINS, Circuit Judges, and FITZWATER,[**] District Judge.

Plaintiff-Appellee Samuel Denk brought this action under 42 U.S.C. § 1983

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

alleging, *inter alia*, that Defendant-Appellant Sergeant Matthew Miller of the Peoria Police Department used excessive force in violation of the Fourth Amendment by shooting him during a traffic stop. Miller moved for summary judgment, asserting qualified immunity. The district court denied his motion, and he appealed. We have jurisdiction under 28 U.S.C. § 1291 and the collateral order doctrine, *see Plumhoff v. Rickard*, 572 U.S. 765, 771–72 (2014), and we reverse.

1. "[T]he scope of our review over the appeal" of a denial of qualified immunity at summary judgment "is circumscribed." *Foster v. City of Indio*, 908 F.3d 1204, 1210 (9th Cir. 2018) (citation omitted). Generally, in this context, "[a] public official may not immediately appeal 'a *fact*-related dispute about the pretrial record, namely, whether or not the evidence in the pretrial record was sufficient to show a genuine issue of fact for trial.'" *Id.* (citation omitted). However, "we have recognized that . . . *Scott v. Harris*, 550 U.S. 372 (2007), created a narrow . . . avenue for a defendant to argue that a plaintiff's version of the facts is 'blatantly contradicted by the record, so that no reasonable jury could believe it.'" *Estate of Anderson v. Marsh*, 985 F.3d 726, 731 n.3 (9th Cir. 2021) (citation omitted).

The district court found that the pretrial evidence was sufficient to raise a genuine issue of material fact as to whether Denk reached toward his gun in his lap before Miller shot him, and therefore inferred for purposes of summary judgment that he did not. But video footage from Miller's body camera blatantly contradicts

Denk's version of events. The footage shows, over the course of about six seconds, that Miller told Denk not to reach for his gun and to put his hands on the steering wheel; that Denk verbally acceded but then moved his right hand, which was initially resting on his right thigh near his right knee, backward, farther from the steering wheel and closer to his lap; and that, in the second it took Miller to repeat his instruction, Denk raised his hands up and forward toward the steering wheel and Miller fired his service weapon once. Because Denk's assertion that he did not reach in the direction of the gun in his lap is blatantly contradicted by the video footage, we do "not . . . rel[y] on such visible fiction" and instead "view[] the facts in the light depicted by the videotape." *Scott*, 550 U.S. at 380–81.

2. "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Kisela v. Hughes*, 584 U.S. 100, 104 (2018) (citation omitted). "Use of excessive force is an area of the law 'in which the result depends very much on the facts of each case,' and thus police officers are entitled to qualified immunity unless existing precedent 'squarely governs' the specific facts at issue," or unless the facts present an "obvious case" for which "the general rules set forth in '[*Tennessee v. Garner*, 471 U.S. 1 (1985)] and [*Graham v. Connor*, 490 U.S. 386 (1989)] . . . by themselves create [the] clearly established law.'" *Kisela*, 584 U.S. at 104–05 (citations omitted). Neither ground for defeating qualified

3

immunity has been established here.

a. Existing precedent does not squarely govern the specific facts of this case. On the contrary, "[o]ur case law is clear that when a suspect reaches for a gun . . . , responding with deadly force does not violate the Constitution." *Sabbe v. Wash. Cnty. Bd. of Comm'rs*, 84 F.4th 807, 828 (9th Cir. 2023).

None of the cases cited by the district court or by Denk squarely govern. Neither *Garner*, 471 U.S. at 21, nor *A.K.H. ex rel. Landeros v. City of Tustin*, 837 F.3d 1005, 1011–12 (9th Cir. 2016), squarely governs because, unlike Miller here, the officers in those cases had no reason to believe that the suspect had a deadly weapon. *Estate of Lopez ex rel. Lopez v. Gelhaus*, 871 F.3d 998, 1010–11 (9th Cir. 2017); *Hayes v. County of San Diego*, 736 F.3d 1223, 1233–34 (9th Cir. 2013); and *C.V. ex rel. Villegas v. City of Anaheim*, 823 F.3d 1252, 1256 (9th Cir. 2016), do not squarely govern because, drawing all reasonable inferences in plaintiffs' favor, the suspects in those cases either did not reach toward or did not brandish weapons against officer instructions. And *Lopez v. City of Riverside*, No. 22-55723, 2023 WL 8433959 (9th Cir. Dec. 5, 2023), does not squarely govern because that decision was issued four years after the events of this case, *see Brosseau v. Haugen*, 543 U.S. 194, 198, 200 n.4 (2004), and remains unpublished, *see Rico v. Ducart*, 980 F.3d 1292, 1300–01 (9th Cir. 2020).

b. Nor do the facts present an obvious case of a Fourth Amendment

4

violation. For that standard to be satisfied, "*any* reasonable official in the defendant's shoes [must] have understood that he was violating" the Fourth Amendment. *Kisela*, 584 U.S. at 105 (emphasis added) (citation omitted). Crucially, "'the relevant question for purposes of qualified immunity' is not whether [Denk] actually threatened [Miller]." *Sabbe*, 84 F.4th at 827–28 (citation omitted). Instead, "what matters is what [a] reasonable officer[] in [Miller's] position[] would have, or should have, perceived." *Id*. at 828; *see, e.g., Cruz v. City of Anaheim*, 765 F.3d 1076, 1078 (9th Cir. 2014).

Miller saw Denk move his right hand, already within inches of his gun, closer to the gun and farther from the steering wheel, contrary to Miller's instructions otherwise. Even granting, as we must at summary judgment, that Denk ultimately never grabbed his gun and had no intention of doing so, we cannot conclude that any reasonable official observing Denk's hand movement in that "tense, uncertain, and rapidly evolving" situation would have understood that using lethal force would violate the Fourth Amendment. *Graham*, 490 U.S. at 396–97.

3. For the foregoing reasons, Miller is entitled to qualified immunity. We reverse and remand for further proceedings consistent with this memorandum.

**REVERSED AND REMANDED.**